**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 24-2067**

───────────

WG/WELCH MECHANICAL CONTRACTORS, LLC,

Plaintiff − Appellant,

v.

INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL & TRANSPORTATION WORKERS, LOCAL UNION 100-SHEET METAL DIVISION; RICHARD LABILLE, III; CHARLES SEWELL; DAVID GOETZKE,

Defendants – Appellees.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:22–cv–02296–DKC)

───────────

Submitted:  April 8, 2025                          Decided:  June 13, 2025

───────────

Before DIAZ, Chief Judge, KING, Circuit Judge, and Thomas E. JOHNSTON, United States District Judge for the Southern District of West Virginia, sitting by designation.

───────────

Affirmed by unpublished opinion.  Chief Judge Diaz wrote the opinion, in which Judge King and District Judge Johnston joined.

───────────

**ON BRIEF:**  Steven M. Toprani, Finleyville, Pennsylvania; Richard J. Cromer, LEECH TISHMAN, Pittsburgh, Pennsylvania, for Appellant.  Lucas R. Aubrey, Erich H. Lange, SHERMAN DUNN, P.C., Washington, D.C., for Appellees.

───────────

Unpublished opinions are not binding precedent in this circuit.

DIAZ, Chief Judge:

WG/Welch Mechanical Contractors, LLC, runs a nonunion shop. A local union's sharp-elbowed organizing tactics frustrated Welch. In response, Welch sued for damages. The district court dismissed Welch's complaint. We affirm.

I.

Welch, a Maryland mechanical contractor, doesn't hire union workers, and it's never signed a collective bargaining agreement. The International Association of Sheet Metal, Air, Rail and Transportation Workers, Local 100 (which represents sheet metal workers in the greater D.C. area, and which we call "SMART"), disapproves.

SMART began to butt heads with Welch. At first, according to Welch, SMART passed out "leaflets, handbills and other materials at jobsites." But then things heated up.

Welch says that SMART started "supplying" Welch's "customers and general contractors" with "accusatory, false and defamatory materials." Although Welch doesn't plead the content of these materials, it "aver[s]" that SMART acted "solely to cause [Welch] financial and reputational harm." J.A. 9.

Welch suspects SMART catalyzed related legal troubles. One of Welch's subcontractors, Reyes Plumbing, sued Welch and reported its alleged labor law violations to the D.C. Attorney General's Office. Welch says the accusations are false, and knowingly so.

Welch pleads on "information and belief" that SMART hired Reyes Plumbing's attorneys and "prompted, aided or abetted" Reyes's lawsuit and report. J.A. 9. The owner

2

of another of Welch's subcontractors also accused Welch of violating labor laws.  Welch alleges that SMART was behind that accusation, too.

On top of that, the *Washington Hispanic* (a local Spanish-language newspaper) published an article about Welch's purported misdeeds.  *See* Nelly Carrión, *Por Falta de Pagos Protestan Operarios de Construcción en DC*, Wash. Hisp., Apr. 1, 2022, at A7 [https://perma.cc/U8ZN-CX9Z].  Once more, Welch pins the blame on SMART.

SMART also mailed a letter to Welch's clients saying that Welch had "a concerning record of potential [labor] law violations," since it had "been accused of" underpaying and misclassifying its employees.  The letter, which Welch attached to its complaint, explained that the D.C. Attorney General's Office was "currently investigating" Welch, that Welch was "also being sued," and that the *Washington Hispanic* had "recently reported" on Welch's activities.  J.A. 16.  Welch claims that SMART "sent this letter with intent, purpose and malice, so as to damage an existing business relationship," and it maintains its innocence.  J.A. 11.

Welch sued SMART in federal court.  It pleaded (1) that SMART violated the National Labor Relations Act; (2) that SMART and its leaders had conspired to violate the same; and (3) that SMART had defamed Welch.  The district court dismissed the complaint.[1]  *WG/Welch Mech. Contractors, LLC v. Int'l Ass'n of Sheet Metal, Air, Rail & Transp. Workers, Loc. Union 100 – Sheet Metal Div.*, No. DKC 22-2296, 2024 WL 4264914, at *1 (D. Md. Sept. 23, 2024).

---

[1] Welch's brief on appeal doesn't mention its conspiracy claim, so neither do we.

3

This appeal followed.

## II.

Welch's National Labor Relations Act claim proceeds under 29 U.S.C. § 187(b), which gives employers a private right of action to recover for certain unfair labor practices by unions. One of those practices is "threaten[ing], coerc[ing], or restrain[ing] any person" to "forc[e] or requir[e]" that person "to cease doing business with" an employer. 29 U.S.C. § 158(b)(4).

The Supreme Court, seeking to avoid potential First Amendment problems, has emphasized that "more than mere persuasion is necessary to prove a violation of [§ 158(b)(4)]." *Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 578 (1988); *see id.* at 584. The union's actions must resemble "violence, picketing, or patrolling" to count as threatening, coercing, or restraining for § 158(b)(4) purposes. *Id.* at 578.

None of SMART's acts, as pleaded, come close to the line drawn in *DeBartolo*. Sending a letter, even one packed with alleged lies, is peaceful activity. And so are distributing materials and filing lawsuits. SMART can't be held liable for such purely expressive acts. Whether those acts were part of a "malicious[] . . . campaign" is beside the point. Appellant's Br. at 10.

Welch's defamation claim also fails. Under Maryland law (which the parties agree governs), defamation requires "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in

making the statement, and (4) that the plaintiff thereby suffered harm." *Piscatelli v. Van Smith*, 35 A.3d 1140, 1147 (Md. 2012) (cleaned up). What's more, the National Labor Relations Act preempts defamation claims arising from labor disputes, except in cases where "the complainant can show that the defamatory statements were circulated with malice and caused him damage." *Linn v. United Plant Guard Workers of Am.*, 383 U.S. 53, 64–65 (1966).

Malice, as used in *Linn*, means "knowledge of falsity or reckless disregard for the truth." *Old Dominion Branch No. 496, Nat'l Ass'n of Letter Carriers v. Austin*, 418 U.S. 264, 281 (1974) (cleaned up). And "any publication made during the course of union organizing efforts, which is arguably relevant to that organizational activity, is entitled to the protection of *Linn*." *Id.* at 279.

*Linn* resolves this case. SMART's alleged actions related to a labor dispute (that is, a "controversy concerning . . . conditions of employment," 29 U.S.C. § 152(9)). As SMART's own letter makes plain, its goal was to improve working conditions for Welch's employees. Welch's attempts to plead otherwise run aground on our general rule that attached exhibits trump "bare allegations" when the two conflict. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (cleaned up). And though Welch purports to plead malice, its allegations are conclusory and merit no presumption of truth.[2] *See, e.g.*, J.A. 11 ("Local 100 sent this letter with intent, purpose and malice.").

---

[2] It's true that "[m]alice . . . may be alleged generally." Fed. R. Civ. P. 9(b). "But 'generally' is a relative term," and Welch must still plead facts to make the inference of malice plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 686–87 (2009). Welch's request for a lighter pleading standard ignores *Iqbal*'s holding. *See* Appellant's Br. at 10–12.

Even if Welch plausibly alleged malice, it would still lose: the pleaded "defamation" isn't false.  SMART's letter said that Welch "has a . . . record of potential employment law violations"; that Welch "has been accused of" various acts; that the D.C. Attorney General's Office "is currently investigating" Welch; that Welch "is also being sued"; and that "[t]he *Washington Hispanic* recently reported" on Welch's acts.  J.A. 16.  All of which is true.

Welch pleads that SMART's statements were false because Welch "did not commit any, let alone numerous, employment law violations."  J.A. 9.  But SMART's letter didn't say otherwise.  The letter said that Welch was accused, investigated, sued, and reported on. SMART's statements are "substantially correct," so none qualify as "a false statement." *Piscatelli*, 35 A.3d at 1147 (quotation omitted).

\*       \*       \*

Welch's complaint doesn't plausibly plead a claim on which relief can be granted, so we affirm the district court's judgment dismissing the case.  We also dispense with oral argument because the facts and contentions of the parties are adequately presented in the materials before us, and oral argument would not aid in our decision.

*AFFIRMED*

6